

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-114
Re: Liability of Purchaser Gathering
System for Gross Production Taxes on
Pipeline Overage Oil

On June 19, 1939, you requested an opinion from this
Department as to whether or not the Cordova Gathering System
is liable for gross production taxes under Article 7057a of
the Revised Civil Statutes of Texas on excess or pipe line
overage oil, that is, oil found in the terminal tank in excess
of the aggregate of all oil gauged from the various leases by
the representatives of the Cordova Gathering System and the
producer resulting from inaccurate gauging at the time the oil
was run into the gathering system and the exact well from which
such excess oil was run is unknown to the Cordova Gathering
System.

Article 7057a places a production tax on all oil
produced and makes the producer primarily liable. Subsection 14
of Section 1 of said article provides that the tax shall be a
liability upon the producer, the first purchaser and/or subse-
quent purchasers. Subsection 15 of Section 1 of said article
provides that the tax shall be paid by the first purchaser and
where the tax is not paid the State shall have a lien on all of
the oil produced in Texas in the hands of the producer, the first
purchaser and any subsequent purchaser to secure the payment of
the tax due, and it shall be the duty of every purchaser purchas-
ing oil produced in Texas to satisfy himself or itself that the
tax on said oil has been or will be paid by the person primarily
liable therefor. Subsection 3 of Section 2 of said article
provides that the purchaser of oil shall pay the tax on all oil
purchased and deduct the tax so paid from the payment due the
producer or the interest holder. Section 6 of said article provides

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

that when oil is found upon which the tax therein provided for has not been paid, any sheriff or other peace officer is authorized to levy on said oil by notice to the owner or other persons in charge that said oil is levied on for taxes due on it, and after ten days notice posted at the site of the oil said officers shall proceed to sell said oil to the highest bidder for cash to effect a collection of said taxes.

Subsection 2 of Section 1 of said article defines a first purchaser as any person purchasing crude oil from the producer. We understand from your letter that the Cordova Gathering System is in the business of gathering and purchasing crude oil from the producer. It is therefore the opinion of this Department that as such purchaser it is liable to pay the gross production tax on the oil which it purchases, but is entitled to deduct such taxes from the payment to the producer. It is the responsibility of the Cordova Gathering System to determine who the producer of this overage oil is, as the State is entitled to its taxes on all oil produced and the first purchaser has the responsibility of paying such tax to the Comptroller and must look to the producer for reimbursement. The fact that the purchaser incorrectly gauges the oil when it takes it into its pipe lines will not defeat the State's taxes.

It seems that the Cordova Gathering System should have no difficulty in the matter of securing reimbursement for this tax as the tax should be borne by the one receiving the benefit of the overage, and the problem of allocating the taxes is no greater than the problem of allocating the overage, both of which are problems of the purchaser and not the State. We assume the Cordova Gathering System claims to own this overage oil, and if it does own such oil it is by reason of being the purchaser thereof even though the seller is unknown and even though the seller has never been paid for it, and as such purchaser it is liable to the State for the gross production taxes thereon.

Hoping that this answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

D. D. Mahon
ASSISTANT

APPROVED JUL 14, 1939

DDM:AMM

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY WRK
CHAIRMAN